# **EXHIBIT 4**

(Amended Filings)

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In Re:                                           Case No.  11-04869

KEVIN J. IMHOFF,                                 Chapter 7; Filed 4/28/11

        Debtor.                                  Hon. Jeffrey R. Hughes

_____/

### DEBTOR'S FIRST AMENDMENT TO SCHEDULE B -PERSONAL PROPERTY, SCHEDULE C - PROPERTY CLAIMED AS EXEMPT, SCHEDULE I-CURRENT INCOME AND SCHEDULE J-CURRENT EXPENDITURES

NOW COMES the Debtor, who for his First Amendment to Schedule B - Personal Property, Schedule C - Property Claimed as Exempt, Schedule I-Current Income and Schedule J-Current Expenditures submits the Amendments attached hereto.

### DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I have read the attached Amendments and that they are true and accurate to the best of my knowledge, information, and belief.

Date: __12/2/204__                    By: _____
                                          Kevin J. Imhoff

B6B (Official Form 6B) (12/07)

In re   **KEVIN J IMHOFF**                                        Case No. __11-04869__
_____
                  **Debtors**                                              (If known)

# AMENDED - SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | CASH ON HAND ON DATE OF FILING-ESTIMATED AMOUNT. | | 120.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | FIFTH THIRD BANK-CHECKING. JOINT WITH WIFE. TOTAL VALUE $242. DEBTOR'S 1/2 WORTH $121 | | 121.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | FIFTH THIRD PASS THROUGH ACCOUNT FOR HBW INCOME PASSED THROUGH TO BLUE DIAMOND ENTERPRISES. JOINT WITH WIFE. FUNDS BELONG TO BLUE DIAMOND ENTERPRISES, LLC. | J | 0.00 |
| Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | FIFTH THIRD-SAVINGS. JOINT WITH WIFE. TOTAL VALUE $704. DEBTOR'S 1/2 WORTH $ 352 | | 352.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | FURNITURE, FURNISHINGS, APPLIANCES, HOUSEHOLD TOOLS. JOINT WITH WIFE. TOTAL VALUE $10,000. DEBTOR'S 1/2 WORTH $5,000 | | 5,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | CLOTHING | | 500.00 |
| 7. Furs and jewelry. | | WEDDING RING, WATCH AND HBW RING | | 500.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | PRIMERICA LIFE INSURANCE TERM POLICY. DEATH BENEFIT $2,550,000 | | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | AVIVA IRA ANNUITY | | 41,275.00 |
| Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | METLIFE SEP IRA | | 261,332.00 |

B6B (Official Form 6B) (12/07) -- Cont.

In re   **KEVIN J IMHOFF**                                    Case No. **11-04869**
                        Debtors                                      (If known)

# AMENDED - SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | PACLIFE SEP IRA | | 39,825.00 ✓ |
| Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | TCA ROTH IRA | | 11,776.00 ✓ |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | BLUE DIAMOND ENTERPRISES, LLC. DEBTOR IS 80% MEMBER | | 1.00 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | CITIGROUP STOCK. | | 31.75 |
| Stock and interests in incorporated and unincorporated businesses. Itemize. | | K & R IMHOFF ENTERPRISES, LLC. DEBTOR IS 5% MEMBER. | | 1.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | | 2010 FEDERAL TAX REFUND. TOTAL REFUND $10,000. $2,000 IS ATTRIBUTABLE TO WIFE. $8,000 IS ATTRIBUTABLE TO HUSBAND | | 8,000.00 |
| Other liquidated debts owed to debtor including tax refunds. Give particulars. | | 2010 MICHIGAN TAX REFUND. TOTAL REFUND $1,200. $240 IS ATTRIBUTABLE TO WIFE. $960 ATTRIBUTABLE TO HUSBAND | | 960.00 |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | CLAIMS AGAINST PRIMERICA FINANCIAL SERVICES.AND RELATED ENTITIES AND PERSONS. UNKNOWN VALUE.DAMAGES COULD BE SEVERAL MILLION DOLLARS | | 10,000,000.00 |
| Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | UNKNOWN AMOUNT OF DEBTOR'S SHARE OF PRO-RATED 2011 STATE AND FEDERAL INCOME TAX REFUNDS. JOINT WITH WIFE. | | 0.00 |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |

B6B (Official Form 6B) (12/07) -- Cont.

In re   **KEVIN J IMHOFF**                                    Case No. **11-04869**

                    Debtors                                              (If known)

# AMENDED - SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2006 BUICK RAINER. | | 8,675.00 |
| Automobiles, trucks, trailers, and other vehicles and accessories. | | 2007 SEARS UTILITY TRAILER | | 500.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | CONTINGENT INTEREST AS BENEFICIARY OF WIFE'S TRUST. NO CURRENT VALUE. | | 0.00 |
| Other personal property of any kind not already listed. Itemize. | | HEALTH SAVINGS ACCT-OPTUM HEALTH BANK | | 3,055.19 |
| Other personal property of any kind not already listed. Itemize. | | INTEREST IN THE KEVIN J. IMHOFF LIVING TRUST | | 1.00 |

_2_   continuation sheets attached        Total    ➤    **$10,382,025.94**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

B6C (Official Form 6C) (4/10)

In re   **KEVIN J IMHOFF**                                    Case No.   **11-04869**
_____                              _____
                    Debtors                                          (If known)

# AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                             $146,450.*
☑ 11 U.S.C. § 522(b)(2)
☐ 11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| 2006 BUICK RAINER. | 11 USC § 522(d)(5) | 5,225.00 | 8,675.00 |
|  | 11 USC § 522(d)(2) | 3,450.00 |  |
| 2007 SEARS UTILITY TRAILER | 11 USC § 522(d)(5) | 500.00 | 500.00 |
| 2010  FEDERAL TAX REFUND. TOTAL REFUND $10,000. $2,000 IS ATTRIBUTABLE TO WIFE.  $8,000  IS ATTRIBUTABLE TO HUSBAND | 11 USC § 522(d)(5) | 1,606.06 | 8,000.00 |
| 2010 MICHIGAN  TAX REFUND. TOTAL REFUND $1,200.  $240 IS ATTRIBUTABLE TO WIFE. $960ATTRIBUTABLE TO HUSBAND | 11 USC § 522(d)(5) | 960.00 | 960.00 |
| AVIVA IRA ANNUITY | 11 USC § 522(d)(12) | 41,275.00 | 41,275.00 |
| BLUE DIAMOND ENTERPRISES, LLC. DEBTOR IS 80% MEMBER | 11 USC § 522(d)(5) | 1.00 | 1.00 |
| CASH ON HAND ON DATE OF FILING-ESTIMATED AMOUNT. | 11 USC § 522(d)(5) | 120.00 | 120.00 |
| CITIGROUP STOCK. | 11 USC § 522(d)(5) | 31.75 | 31.75 |
| CLAIMS AGAINST PRIMERICA FINANCIAL SERVICES.AND RELATED ENTITIES AND PERSONS. UNKNOWN VALUE.DAMAGES COULD BE SEVERAL MILLION DOLLARS | 11 USC § 522(d)(5) | 1.00 | 10,000,000.00 |
| CLOTHING | 11 USC § 522(d)(3) | 500.00 | 500.00 |
| CONTINGENT INTEREST AS BENEFICIARY OF WIFE'S TRUST. NO CURRENT VALUE. | 11 USC § 522(d)(5) | 0.00 | 0.00 |
| FIFTH THIRD BANK-CHECKING. JOINT WITH WIFE. TOTAL VALUE $242. DEBTOR'S 1/2 WORTH $121 | 11 USC § 522(d)(5) | 121.00 | 121.00 |

B6C (Official Form 6C) (4/10) - Cont.

In re   **KEVIN J IMHOFF**                                                    Case No.   11-04869
_____                                                          _____
                            Debtors                                                        (If known)

# AMENDED SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| FIFTH THIRD PASS THROUGH ACCOUNT FOR HBW INCOME PASSED THROUGH TO BLUE DIAMOND ENTERPRISES. JOINT WITH WIFE. FUNDS BELONG TO BLUE DIAMOND ENTERPRISES, LLC. | 11 USC § 522(d)(5) | 0.00 | 0.00 |
| FIFTH THIRD-SAVINGS. JOINT WITH WIFE. TOTAL VALUE $704. DEBTOR'S 1/2 WORTH $ 352 | 11 USC § 522(d)(5) | 352.00 | 352.00 |
| FURNITURE, FURNISHINGS, APPLIANCES, HOUSEHOLD TOOLS. JOINT WITH WIFE. TOTAL VALUE $10,000. DEBTOR'S 1/2 WORTH $5,000 | 11 USC § 522(d)(3) | 5,000.00 | 5,000.00 |
| HEALTH SAVINGS ACCT-OPTUM HEALTH BANK | 11 USC § 522(d)(5) | 3,055.19 | 3,055.19 |
| INTEREST IN THE KEVIN J. IMHOFF LIVING TRUST | 11 USC § 522(d)(5) | 1.00 | 1.00 |
| K & R IMHOFF ENTERPRISES, LLC. DEBTOR IS 5% MEMBER. | 11 USC § 522(d)(5) | 1.00 | 1.00 |
| METLIFE SEP IRA | 11 USC § 522(d)(12) | 261,332.00 | 261,332.00 |
| PACLIFE SEP IRA | 11 USC § 522(d)(12) | 39,825.00 | 39,825.00 |
| PRIMERICA LIFE INSURANCE TERM POLICY. DEATH BENEFIT $2,550,000 | 11 USC § 522(d)(7) | 2,550,000.00 | 0.00 |
| TCA ROTH IRA | 11 USC § 522(d)(12) | 11,776.00 | 11,776.00 |
| WEDDING RING, WATCH AND HBW RING | 11 USC § 522(d)(4) | 1,450.00 | 500.00 |

*Amount subject to adjustment on 4/1/13 and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B6I (Official Form 6I) (12/07)

In re __KEVIN J IMHOFF__               Case No.   __11-04869__

           Debtors                                                             (If known)

# AMENDED SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **MARRIED** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S):<br>**SON** | AGE(S):<br>**20** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **FINANCIAL SERVICES REP** | **OFFICE MANAGER** |
| Name of Employer | **BLUE DIAMOND FINANCIAL SOLUTIONS** | **BLUE DIAMOND FINANCIAL SOLUTIONS** |
| How long employed | | |
| Address of Employer | | |

INCOME: (Estimate of average or projected monthly income at time case filed)

| | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly.) | | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | |
|     a. Payroll taxes and social security | | $ 0.00 | $ 0.00 |
|     b. Insurance | | $ 0.00 | $ 0.00 |
|     c. Union dues | | $ 0.00 | $ 0.00 |
|     d. Other (Specify) | | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | | $ 0.00 | $ 0.00 |
| 8. Income from real property | | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ 0.00 | $ 0.00 |
| 11. Social security or other government assistance (Specify) | | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify) **ESTIMATED DIST FROM K & R IMHOFF ENT.** | | $ 300.00 | $ 6,600.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ 300.00 | $ 6,600.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | | $ 300.00 | $ 6,600.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | $ 6,900.00 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document.:
**UNCERTAIN OF FUNDS THAT MAY BE AVAILABLE FROM K & R IMHOFF ENTERPRISES, LLC AND BLUE DIAMOND ENTERPRISES IN FUTURE.**

B6I (Official Form 6I) (12/07) - Cont.

In re  **KEVIN J IMHOFF**                                          Case No.  __11-04869__

_____Debtors_____                                                    (If known)

# AMENDED SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

## Addendum
### Additional Information

AMOUNTS ARE AVERAGE AMOUNTS BEING DISTRIBUTED TO DEBTOR AND WIFE AT TIME OF
BANKRUPTCY FILING. IN APPROX. JULY THROUGH SEPT. ,2011. BLUE DIAMOND DISTRIBUTED APROX.
$4,800 PER MONTH TO DEBTOR AND $2,100 TO WIFE. DURING JULY THROUGH SEPT. 2011 DISTRIBUTIONS
FROM K & R WERE SIGNIFICANTLY REDUCED.  DEBTOR AND WIFE UNCERTAIN OF AMOUNTS THAT MAY
BE AVAILABLE TO DISTRIBUTE TO THEM IN FUTURE FROM K & R IMHOFF ENTERPRISES, LLC, AND  BLUE
DIAMOND ENTERPRISES, LLC

B6J (Official Form 6J) (12/07)

In re **KEVIN J IMHOFF** _____  Case No. _____ **11-04869** _____
 _____                   (If known)
                         **Debtors**

# AMENDED SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made biweekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form22A or 22C.

[ ]  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 0.00 |
| a. Are real estate taxes included?   Yes _____   No ✓ | | |
| b. Is property insurance included?   Yes _____   No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 0.00 |
| b. Water and sewer | $ | 0.00 |
| c. Telephone | $ | 0.00 |
| d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 0.00 |
| 4. Food | $ | 0.00 |
| 5. Clothing | $ | 0.00 |
| 6. Laundry and dry cleaning | $ | 0.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
| a. Homeowner's or renter's | $ | 0.00 |
| b. Life | $ | 0.00 |
| c. Health | $ | 0.00 |
| d. Auto | $ | 0.00 |
| e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify) | $ | 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
| a. Auto | $ | 0.00 |
| b. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other **DEBTOR'S CONTRIBUTION TO HOUSEHOLD EXPENSE** | $ | 260.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 260.00 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a. Average monthly income from Line 15 of Schedule I | $ | 300.00 |
| b. Average monthly expenses from Line 18 above | $ | 260.00 |
| c. Monthly net income (a. minus b.) | $ | 40.00 |

B6J (Official Form 6J) (12/07) - Cont.

In re **KEVIN J IMHOFF**                                    Case No. _____**11-04869**_____
                                 **Debtors**                        (If known)

## AMENDED SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

**SPOUSE**

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 500.00 |
|    a. Are real estate taxes included?   Yes _____   No ✓ | | |
|    b. Is property insurance included?   Yes _____   No ✓ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 345.00 |
|     b. Water and sewer | $ | 35.00 |
|     c. Telephone | $ | 0.00 |
|     d. Other TRASH | $ | 18.00 |
|     TV AND INTERNET | $ | 165.00 |
| 3. Home Maintenance (Repairs and upkeep) | $ | 400.00 |
| 4. Food | $ | 1,000.00 |
| 5. Clothing | $ | 200.00 |
| 6. Laundry and dry cleaning | $ | 50.00 |
| 7. Medical and dental expenses | $ | 0.00 |
| 8. Transportation (not including car payments) | $ | 600.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 450.00 |
| 10. Charitable contributions | $ | 326.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|     a. Homeowner's or renter's | $ | 84.00 |
|     b. Life | $ | 500.00 |
|     c. Health | $ | 65.00 |
|     d. Auto | $ | 300.00 |
|     e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)   HOME TAXES | $ | 383.33 |
| 13. Installment payments (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|     a. Auto | $ | 0.00 |
|     b. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 700.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other GIFTS, MISC EXPESES | $ | 300.00 |
|     MISC PERSONAL CARE | $ | 100.00 |
|     TAX RETURN PREPARATION | $ | 75.00 |

18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.)    **$ 6,596.33**

19. Describe any increase or decrease in expenditures reasonably anticipate to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
|     a. Average monthly income from Line 15 of Schedule I | $ | 6,600.00 |
|     b. Average monthly expenses from Line 18 above | $ | 6,596.33 |
|     c. Monthly net income (a. minus b.) | $ | 3.67 |

B7 (Official Form 7) (4/10)

## UNITED STATES BANKRUPTCY COURT
### Western District of Michigan

In re:  **KEVIN J IMHOFF**                                    Case No. **11-04869**

_____                         _____
Debtors                                                  (If known)

# AMENDED - STATEMENT OF FINANCIAL AFFAIRS

### 1. Income from employment or operation of business

None ☐   State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 0.00 | K & R IMHOFF ENTERPRISES, LLC. AMOUNT IS AMOUNT ACTUALLY DISTRIBUTED TO DEBTOR. INCOME OF $431 ATTRIBUTED TO DEBTOR ON K-1 FORM.THIS IS REFLECTED IN TAX RETURNS PROVIDED TO TRUSTEE. | 2009 |
| 40,603.00 | DISTRIBUTIONS FROM BLUE DIAMOND ENTERPRISES, LLC. AMOUNT IS WHAT WAS ACTUALLY DISTRIBUTED TO DEBTOR.  GROSS COMMISSIONS OF $171,279 PASSED THROUGH FROM DEBTOR TO BLUE DIAMOND ENTERPRISES, LLC. THIS IS REFLECTED IN TAX RETURNS PROVIDED TO TRUSTEE | 2009 |
| 33,320.00 | DISTRIBUTIONS FROM BLUE DIAMOND ENTERPRISES, LLC. AMOUNT IS AMOUNT ACTUALLY DISTRIBUTED TO DEBTOR.  GROSS COMMISSIONS OF $123,420 PASSED THROUGH TO BLUE DIAMOND ENTERPRISES, LLC. THIS IS REFLECTED IN  TAX RETURNS PROVIDED TO TRUSTEE. | 2010 |
| 845.00 | DISTRIBUTIONS FROM K & R IMHOFF ENTERPRISES, LLC. AMOUNT IS AMOUNT ACTUALLY DISTRIBUTED TO DEBTOR. INCOME OF $879 ATTRIBUTED TO DEBTOR ON K-1 FORM.  THIS IS REFLECTED IN TAX RETURNS PROVIDED TO TRUSTEE. | 2010 |
| 1,195.00 | DISTRIBUTIONS FROM K & R IMHOFF ENTERPRISES, LLC THROUGH DATE OF BKTCY. FILING. AMOUNT IS AMOUNT ACTUALLY DISTRIBUTED. . | 2011 |

2

| 7,520.00 | DISTRIBUTIONS FROM BLUE DIAMOND ENTERPRISES, LLC THROUGH BKTCY. FILING. GROSS COMMISSIONS WERE PASSED THROUGH TO BLUE DIAMOND ENTERPRISES, LLC. | 2011 |

---

### 2. Income other than from employment or operation of business

None ☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| 215.00 | INTEREST INCOME-JOINT WITH WIFE.  DEBTOR'S INTEREST INCOME ON K-1 FROM K & R IMHOFF ENTERPRISES- $7.00. FIFTH THIRD BANK INTEREST ON WIFE' S TRUST ACCOUNT ON 9141-$60; INTEREST ON FIFTH THIRD BANK ACT 9806-$3; WIFE'S K-1 INTEREST INCOME FOR K & R IMHOFF ENTERPRISES-$16; WIFE'S K-1 INTEREST FROM SPLENDID PROPERTIES, LLC-$129. | 2009 |
| 1,754.00 | DIVIDEND INCOME ON BLUE DIAMOND ENTERPRISES, LLC K-1 | 2010 |
| 192.00 | DIVIDEND INCOME ON K & R IMHOFF ENTERPRISES, LLC K-1 | 2010 |
| 85.00 | FIFTH THIRD BANK INTEREST-JOINT WITH WIFE | 2010 |
| 1.00 | INTEREST INCOME- ON K-1 FROM K & R IMHOFF ENTERPRISES | 2010 |

---

### 3. Payments to creditors

***Complete a. or b., as appropriate, and c.***

None ☑

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑ b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

None ☑ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

## 4.  Suits and administrative proceedings, executions, garnishments and attachments

None ☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **IMHOFF v. PFS INVESTMENTS, INC., ET AL** 11-00483 | **FINRA ARBITRATION CLAIM BROUGHT BY DEBTOR** | **FINRA DISPUTE RESOLUTION MIDWEST REGIONAL OFFICE CHICAGO, IL 60603-5104** | **PENDING** |
| **IMHOFF v.PRIMERICA FINANCIAL SERVICES, INC. et al** 10-1735 | **BREACH OF CONTRACT AND OTHER CLAIMS** | **EATON COUNTY CIRCUIT COURT** | |
| **PFS  INVESTMENTS, INC. ET AL v. DEBTOR** 2:11-CV-10142-PJD | **COMPEL ARBITRATION** | **U.S. DIST. CT. E.D. MICH DETROIT, MI** | **ORDER TO ARBITRATE** |
| **SIMINSKI v. IMHOFF** 10-01611 | **ARBITRATION PROCEEDING IN FINRA** | **FINRA  DISPUTE RESOLUTION MIDWEST REGIONAL OFFICE CHICAGO, IL 60603-5104** | **PENDING** |

None ☑ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

### 5. Repossessions, foreclosures and returns

None ☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |

### 6. Assignments and receiverships

None ☑

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
| --- | --- | --- |

None ☑

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None ☐

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |
| **COMPASSION INTERNATIONAL** | **NONE** | | **$570** |
| **DEBTOR'S SON** | **SON** | | **HIGH SCHOOL GRADUATION GIFT FROM DEBTOR AND WIFE. I-PHONE 4- $317** |

### 8. Losses

None ☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None

☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| DUNN, SCHOUTEN & SNOAP, PC 2745 DE HOOP AVE. SW WYOMING, MI 49509 | 4/11 | $7,500 |
| GREENPATH FARMINGTON HILLS, MI | $50 PAID 4/25/11 | $50 |

### 10. Other transfers

None

☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERED AND VALUE RECEIVED |
|---|---|---|
| AMERICAN NEUROPSYCHIATRY ASSCO. 1009 RIVER POINTE DR. ALBANY, GA 31701 NONE | 12/18/2009 | FLORIDA CONDO UNIT NO. 2436 AT EMERALD BEACH RESORT. SOLD FOR $265,000 ON SHORT SALE.TAX RETURN REFLECTS SALES PRICE OF $128,85 FOR TAX PURPOSES. |
| AMERICAN NEUROPSYCHIATRY ASSOC. 1009 RIVER POINTE DR. ALBANY, GA 31701 NONE | 12/18/2009 | FURNITURE FOR FLORIDA CONDO EB 2436. SOLD FOR $17,500 IN 2009. |
| RUTH A. IMHOFF 1534 SETTLERS HILLS DR. LANSING, MI 48917 WIFE | 01/01/2010 | WIFE WAS ASSIGNED ADDITIONAL 25% MEMBERSHIP INTEREST IN K & R IMHOFF ENTERPRISES, LLC FOR WIFE MAKING $100,000 CAPITAL CONTRIBUTION TO K & R IMHOFF ENTERPRISES, LLC |
| RUTH IMHOFF/SPLENDID PROPERTIES,LLc WIFE AND HER LLC | | IN MAR. 2010 AND DEC. 2010 DEBTOR ENDORSED TAX REFUND CHECKS MADE PAYABLE JOINTLY TO DEBTOR AND WIFE. REFUNDS WERE PROPERTY OF WIFE SINCE SHE MADE PAYMENTS VIA SPLENDID PROPERTIES, LLC TO TAXING AUTHORITIES WHICH GAVE RISE TO REFUNDS. DEBTOR CLAIMED NO RIGHT TO ANY OF THE REFUNDS. |

None ☑  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR' INTEREST IN PROPERTY |
|---|---|---|

## 11. Closed financial accounts

None ☑  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

## 12. Safe deposit boxes

None ☑  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

## 13. Setoffs

None ☑  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

## 14. Property held for another person

None ☑  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

## 15. Prior address of debtor

None ☑  If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a.      List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

b.      List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

c.      List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

### 18. Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within the **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| BLUE DIAMOND ENTERPRISES, LLC | 26-3041059 | 924 CENTENNIAL WAY STE. 400 LANSING, MI 48917 | FINANCIAL SERVICES | 07/31/2008 |
| EMERALD BEACH 1232, LLC | | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. BUT CONDO NEVER ACQUIRED. DEBTOR WAS LISTED AS A MANAGING MEMBER ALONG WITH WIFE. | 03/22/2005 09/14/2007 |
| EMERALD COVE 10C, LLC | | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. NO CONDO EVER ACQUIRED. DEBTOR WAS LISTED AS A MANAGING MEMBER ALONG WITH WIFE. | 04/12/2005 10/30/2006 |
| EMERALD COVE 35D, LLC | | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. NO CONDO EVER ACQUIRED. DEBTOR WAS LISTED AS MANAGING MEMBER ALONG WITH WIFE. | 04/12/2005 10/30/2006 |

9

| | | | | |
|---|---|---|---|---|
| EMERALD COVE 36E, LLC | | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. NO CONDO EVER ACQUIRED. DEBTOR WAS LISTED AS A MANAGING MEMBER ALONG WITH WIFE. | 04/12/2008 10/30/2006 |
| K & R IMHOFF ENTERPRISES, LLC | 26-0069205 | 1534 SETTLERS HILL DR. LANSING, MI 48917 | REAL ESTATE | 08/06/2003 |
| KEVIN J. IMHOFF & ASSOCIATES | | | ASSUMED NAME FOR SOLE PROPRIETORSHIP. STARTED IN 1979 FOR PAINTING AND HANDY MAN SERVICES. STARTING IN 1985 USED FOR FINANACIAL SERVICES. | |
| SPLENDID VACATIONS 2- 509, LLC | | | CREATED BY WIFE TO LIMIT LIABILITY TO OWN AND RENT CONDO IN FLORIDA. STARTING USING LLC IN 2007. DEED IN LIEU OF FORECLOSURE FOR CONDO GIVEN IN 2009. DEBTOR WAS LISTED AS A MANAGER. | 10/09/2006 09/25/2009 |
| SPLENDID VACATIONS 2-409,LLC | | | CREATED BY WIFE TO LIMIT LIABILTIY TO OWN AND RENT CONDO IN FLORIDA. STARTED USING LLC IN 2007. DEED IN LIEU OF FORECLOSURE GIVEN FOR CONDO IN 2009. DEBTOR LISTED AS A MANAGER. | 02/01/2007 09/25/2009 |
| SPLENDID VACATIONS EB 1133, LLC | | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. CONDO NOT ACQUIRED. DEBTOR WAS LISTED AS A MANAGER. | 06/11/2007 09/26/2008 |

| | | | |
|---|---|---|---|
| SPLENDID VACATIONS EB 2430, LLC | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. NO CONDO ACQUIRED. DEBTOR WAS LISTED AS A MANAGER. | 06/11/2007 09/26/2008 |
| SPLENDID VACATIONS EB 2436, LLC | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. NO CONDO ACQUIRED. DEBTOR WAS LISTED AS A MANAGER. | 06/11/2007 09/26/2008 |
| SPLENDID VACATIONS EB 627, LLC | FLORIDA | CREATED BY WIFE TO ACQUIRE CONDO. CONDO NOT ACQUIRED. DEBTOR WAS LISTED AS A MANAGER. | 06/11/2007 09/26/2008 |

None ☑   b.   Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                  ADDRESS

## 19. Books, records and financial statements

None ☐   a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| FLINTOFF & KLEIN, P.C. 2149 JOLLY RD. STE 500 OKEMOS, MI 48864 | TAX SERVICES 2009-2011 |
| LALLY GROUP PC 11966 SWEETWATER DR. GRAND LEDGE, MI 48837 | TAX SERVICES FOR K & R IMHOFF ENTERPRISES, LLC FROM 2009 TO 2011 |

None ☑   b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME        ADDRESS        DATES SERVICES RENDERED

None ☐   c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| RUTH IMHOFF | 1534 SETTLERS HILL DR. LANDING, MI 48917 |

None ☑   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS        DATE ISSUED

**20. Inventories**

None ☑
a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None ☑
b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

**21. Current Partners, Officers, Directors and Shareholders**

None ☑
a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None ☑
b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

**22. Former partners, officers, directors and shareholders**

None ☑
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ☑
b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

**23. Withdrawals from a partnership or distributions by a corporation**

None ☑
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☑
If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

12

### 25. Pension Funds.

None ☑   If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

NAME OF PENSION FUND                          TAXPAYER IDENTIFICATION NUMBER (EIN)

\* \* \* \* \* \*

*[if completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  12/2/2~11          Signature
                          of Debtor    _KEVIN J IMHOFF_

Date  _____    Signature
                          of Joint Debtor
                          (if any)