UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re:                                          Case No. 11-04869-jrh

KEVIN J. IMHOFF,                                Chapter 7

     Debtor                                    Hon. Jeffrey R. Hughes

PFS INVESTMENTS, INC., a Georgia
Corporation,                                    Adversary No. 11-80619-jrh

     Plaintiff,

v

KEVIN J. IMHOFF, an individual,

     Defendant.

---

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT OBJECTING TO DISCHARGE OF DEFENDANT AND CHAPTER 7 DEBTOR KEVIN J. IMHOFF

NOW COMES Defendant, by and through his attorneys, Dunn, Schouten & Snoap, and Richard A. Kerbawy of Wilson, Lett & Kerbawy, PLC, and in response to Plaintiff's Complaint, states as follows:

1.    In response to paragraph 1, Defendant admits the allegation contained therein, but denies Plaintiff is entitled to the relief requested.

### PARTIES AND JURISDICTION

2.    In response to paragraph 2, Defendant neither admits nor denies the allegations contained therein for the reason he is without sufficient information to form a belief as to the truth of the matter asserted.

3.      In response to paragraph 3, Defendant admits the allegations contained therein.

4.      In response to paragraph 4, Defendant admits the allegations contained therein.

5.      In response to paragraph 5, Defendant admits the allegations contained therein.

## STATEMENT OF RELEVANT FACTS

6.      In response to paragraph 6, Defendant neither admits nor denies the allegations contained therein for the reason he is without sufficient information to form a belief as to the truth of the matter asserted.

7.      In response to paragraph 7, Defendant neither admits nor denies the allegations contained therein for the reason he is without sufficient information to form a belief as to the truth of the matter asserted.

8.      In response to paragraph 8, Defendant admits he was appointed as a registered representative and earned commissions.  The fourth sentence is denied for the reason that Plaintiff does not identify which affiliate, if any , was the affiliate the basic agreement applies to and Defendant is unable to answer because Plaintiff does not identify which affiliate or which basic agreement.  The Defendant denies the fifth sentence for the reason the basic agreement does not address these items.  The Defendant acknowledges a copy of the basic agreement is attached but denies that it applies in the form and manner alleged.  The Defendant neither admits nor denies the allegation in the seventh and last sentence of paragraph 8 for the reason he is without sufficient information to form a belief as to the truth of the matter asserted.

9.      In response to paragraph 9, Defendant denies the allegations contained therein for

the reason they are untrue.

10.    In response to paragraph 10, Defendant admits he resigned as a registered

representative of PFS, however denies the remaining allegations in paragraph 10

for the reason they are untrue.

11.    In response to paragraph 11, Defendant denies the allegations contained therein

for the reason they are untrue.

12.    In response to paragraph 12, Defendant neither admits nor denies the allegations

contained therein for the reason he is without sufficient information to form a

belief as to the truth of the matter asserted.

13.    In response to paragraph 13, Defendant admits the allegations contained therein.

14.    In response to paragraph 14, Defendant admits that he filed bankruptcy Schedules

and a Statement of Financial Affairs based upon the best information available.  In

specific reference to the sub-paragraphs, Defendant states as follows:

(a)    Defendant states that he was appointed as a Financial Advisor in January

2010, however at the time of the allegations he was solely appointed as a

registered representative.  Defendant admits that as of the time of the filing

of the bankruptcy case on April 28, 2011, the income he was receiving was

as stated in original Schedule I.

(b)    Defendant denies that Schedule I contained any description of his

contribution to the household expenses.  Defendant admits that at the time

of the filing he was contributing $260 towards the household expenses as

reflected on Schedule J.

3

(c)     Defendant admits the allegation contained herein.  In further response,
Defendant states that the fair market value of his interest in Blue Diamond
Enterprises, LLC and K & R Imhoff Enterprises, LLC is nominal based on
the fact that he does not believe any person or entity would be interested in
purchasing his interest in those entities.

(d)     Defendant admits the allegation as to what was stated in the original
Statement of Financial Affairs.  In further response, Defendant states that
the statements are accurate in that they reflect the amounts actually
"received" from those entities as required by Question 1 of the Statement
of Financial Affairs.

15.     In response to paragraph 15, Defendant admits the allegation contained therein.

16.     In response to paragraph 16, Defendant admits the allegations contained therein.
In further response, Defendant states that the Defendant's wife and his bankruptcy
counsel have been working on collecting information for amending the
bankruptcy Schedules and Statement of Financial Affairs for several months.  The
information and documentation in the Defendant's records was complex and
extensive that entailed preparing and finalizing several thousand pages of
documentation.  The original Schedules and Statement of Financial Affairs and
the Amended Schedules and Amended Statement of Financial Affairs were
prepared and filed based on the best of the ability of the Defendant, his wife, and
his bankruptcy counsel.

17.     In response to paragraph 17, Defendant states that the amended documents speak

for themselves.  In further response to the sub-paragraphs, Defendant states as follows:

(a)     Defendant states that the original Schedule B reflected the Fifth Third pass through account and stated that the funds in the account belonged to Blue Diamond Enterprises, LLC.  This information was true and accurate in the original bankruptcy Schedules and is true and accurate with regard to the Amended Schedule B.  The Defendant had assigned his right to any HBW income to Blue Diamond Enterprises as reflected on the assignment contained in the December 31, 2008 Nominee Agreement attached hereto as **Exhibit A**.  In further response, Defendant states that the Defendant provided his Chapter 7 trustee with copies of his 2009 federal income tax return which reflected the pass through income.  The tax returns were provided to the Chapter 7 trustee on May 12, 2011.  The Defendant's 2010 tax returns were not completed until June, 2011.  On June 14, 2011 the Defendant provided his Chapter 7 trustee with copies of his 2010 state and federal income tax returns which reflected the pass through income.

(b)     Defendant admits the allegation as to the amendment to Schedule B concerning Blue Diamond Enterprises, LLC.  The value of that entity is subjective and the Defendant set the value at $1.00 to show that the value of the LLC interest is nominal.

(c)     Defendant admits the allegation as to the amendment to Schedule B concerning K & R Imhoff Enterprises, LLC.  The value of that entity is

5

subjective and the Defendant set the value at $1.00 to show that the value of the LLC interest is nominal.

(d)     Defendant admits the allegation contained therein.  At the time of the filing of the bankruptcy case and the filing of the original Schedules, the 2010 tax returns had not been prepared.  The 2010 state and federal income tax returns have now been prepared and the amendment reflects the amount of the refunds and the Defendant's calculation of the amount to which he is entitled.

(e)     Defendant admits the allegation contained therein.  In further response, the Defendant indicates that the value of his claims against Primerica Financial Services is uncertain and subjective at this point in time.  The Defendant further states that the amendment was filed showing an increase in the value to reflect the fact that his claims against Primerica Financial Services are substantial and more than sufficient to satisfy my legitimate obligations he has to any creditors.

(f)     Defendant states that at the time the original Schedules were filed, the 2010 tax returns had not been prepared and finalized.  The amendment reflects the dividend income and interest income from Blue Diamond and K & R Imhoff Enterprises is based upon the 2010 tax returns that were prepared.  The Fifth Third Bank interest of $85 is insignificant and based upon the information included in the 2010 tax returns which were not prepared until after the filing of the original Statement of Financial

6

Affairs.

(g)     Defendant admits the allegation contained therein.  In further response, Defendant states that the amendment reflects the gifts to Compassion International based upon information obtained in connection with preparing the 2010 tax returns.  In further response, Defendant states that in the interest of full disclosure, he has disclosed the graduation gift to his son which was made jointly by the Defendant and his wife and have a value of $317.  The Defendant's one half contributed towards his son's graduation gift would be valued at less than $200 and therefore technically disclosure of the gift was not even required on the amended Statement of Financial Affairs.

(h)(I)  Defendant states that the sale of the condominium to American Neuropsychiatry Association of Albany, Georgia was disclosed at $128,853 based upon the information included in the 2009 tax returns prepared by the Defendant's tax accountant.  Attached as **Exhibit B** is the Form 4797 prepared by Defendant's accountant from which the information was obtained.  The amount reflected in the amended Statement of Financial Affairs is based upon the closing documents reflecting a short sale price of $265,000.  The Defendant is uncertain why the tax amount was $128,853.

(h)(ii) Defendant admits that the operating agreement of K & R Imhoff Enterprises, LLC was amended in January, 2010 to reflect a re-allocation

of membership interest based upon Ruth Imhoff's additional capital contribution of $100,000. A copy of the amendment is attached hereto as **Exhibit C**. However, the amendment may be inoperable since in January, 2006, all of the membership interests of the Defendant and his wife in K & R Imhoff Enterprises, LLC was assigned to the Ruth A. Imhoff Living Trust as reflected on attached **Exhibit D**.

(h)(iii) Defendant admits that the amended Statement of Financial Affairs reflects his endorsement of the tax refunds. However, that was done in the interest of full disclosure. The Defendant denies that he is entitled to any portion of those tax refunds and therefore his endorsement was not a transfer of any interest he had in those refunds. The refunds are property of the Defendant's wife since she paid taxes and expenses which resulted in the refund. See *In re: Kleinfeldt, 287 B.R. (10th Cir. BAP 2002); In re: Lock, 329 B.R. 856 (Bankr. S.D. Ill. 2005); In re Gartman, 372 B.R. 790 (Bankr. D.S.C. 2007)*. In light of the fact the Defendant had no interest in the tax refunds, disclosure of his endorsement of the tax refund checks was not necessary, but Defendant has made the disclosure to provide full disclosure.

(i)(I) Defendant denies the allegation contained herein for the reason they are untrue.

(i)(ii) Defendant denies the allegation contained herein for the reason they are untrue.

8

## **The Commission Transfers**

18.     In response to paragraph 18, Defendant admits the allegations contained therein.

19.     In response to paragraph 19, Defendant denies that there was any transfer of commissions by him to Blue Diamond.   Instead, any commissions earned from HBW were treated as income of Blue Diamond pursuant to the Nominee Agreement attached hereto as **Exhibit A**.  In further response, Defendant admits these "commissions" were not included in the original Statement of Financial Affairs for the reason they were not considered commissions of the Defendant. Instead, in accordance with the Nominee Agreement, the commissions were considered commissions and income of Blue Diamond Enterprises LLC d/b/a Blue Diamond Financial Solutions.

20.      In response to paragraph 20, Defendant admits the original Statement of Financial Affairs did not reference any commissions for the reason they were not considered commissions of the Defendant, but instead commissions earned by Blue Diamond Enterprises, LLC.  In further response, Defendant states that the original Schedule B reflected the Fifth Third Bank pass through account which reflected the fact that the HBW income passed through to Blue Diamond Enterprises through the Fifth Third account.  Moreover, Defendant provided the Chapter 7 trustee with copies of his 2009 tax returns on May 12, 2011 and copies of his 2010 tax returns on June 14, 2011 which reflected these commissions

21.     In response to paragraph 21, Defendant states that the amended Statement of Financial Affairs reflects the pass through commissions which the Defendant did

not consider to have been received by him or considered to be his income. Instead, the income was income of Blue Diamond Enterprises, LLC as reflected by the Nominee Agreement attached as **Exhibit A**. In further response, Defendant states that the original Schedule B reflected the Fifth Third Bank pass through account and the existence of the pass through commissions was disclosed in the tax returns provided by the Defendant to his Chapter 7 trustee.

22.   In response to paragraph 22, Defendant denies that the commissions were his property and therefore he was not required to provide any description of transfers of the commissions. In further response, Defendant denies he transferred any commissions to Blue Diamond Enterprises, LLC within one year of the filing of the bankruptcy case. The assignment of the right to commissions occurred on December 31, 2008 pursuant to the Nominee Agreement Defendant denies that the assignment was done with any intent to hinder, delay, or defraud a creditor or an officer of Mr. Imhoff's bankruptcy estate.

23.   In response to paragraph 23, Defendant denies there were any commission transfers by him within the one year of the bankruptcy filing. Instead, the commissions were property of Blue Diamond Enterprises, LLC pursuant to the Nominee Agreement executed December 31, 2008.

**The Martindale Transfer and the Enterprises Transfer**

24.   In response to paragraph 24, Defendant states that Blue Diamond Enterprises, LLC is not a debtor in this bankruptcy case and therefore any transfers by that entity did not have to be included in the Defendant's bankruptcy Schedules or

10

Statement of Financial Affairs.  In further response to paragraph 24, Defendant states as follows:

(a)     Defendant states that the transfers by Blue Diamond Enterprises, LLC to Mr. Martindale did not have to be disclosed in the Defendant's bankruptcy Schedules and Statement of Financial Affairs for the reason Blue Diamond Enterprises, LLC is not the debtor in this bankruptcy case.

(b)     Defendant states that Blue Diamond Enterprises, LLC is not the debtor in this bankruptcy case and therefore any payments it made are not subject to disclosure in the debtor's bankruptcy Schedules or Statement of Financial Affairs.

(c)     Defendant states that Blue Diamond Enterprises, LLC is not the debtor in this bankruptcy case and therefore any payments made by it did not have to be disclosed in the debtor's bankruptcy Schedules or Statement of Financial Affairs.

25.     In response to paragraph 25, Defendant states the allegation is irrelevant to this bankruptcy case for the reason that Blue Diamond Enterprises, LLC is not the debtor in this bankruptcy case.

26.     In response to paragraph 26, Defendant denies the allegations contained therein for the reason they are untrue.

27.     In response to paragraph 27, Defendant states that the Martindale Transfers and Enterprises Transfers were not transfers by the debtor and therefore not subject to disclosure in the Defendant's bankruptcy Schedules or Statement of Financial

Affairs.

## The Blue Diamond Assignment

28.  In response to paragraph 28, Defendant admits the existence of the Blue Diamond Assignment attached as Exhibit 5.   However, Defendant states that he did not recall executing the Assignment at the time of the submission of the original bankruptcy Schedules and Statement of Financial Affairs and the Amended Schedules and Amended Statement of Financial Affairs.  Moreover, the tax returns prepared by the Defendant's accountant reflect that the Debtor is an 80% member of Blue Diamond Enterprises,LLC.

29.  In response to paragraph 29, Defendant admits that the Original Filings and Amended Filings did not reference the Blue Diamond Assignment, but the Defendant did not recall having executed the Assignment.

30.  In response to paragraph 30, Defendant admits that at the time of the submission of the Original Filings and Amended Filings, the best information he recalled was that he held an 80% membership interest in the Blue Diamond entity based upon the tax returns that had been prepared by the Defendant's accountant.

31.  In response to paragraph 31, the Defendant denies the allegations contained therein for the reason they are untrue.

32.  In response to paragraph 32, Defendant denies there are any grounds for denial of his discharge under 727(a)(4)(A).

33.  In response to paragraph 33, Defendant states that the Original Filings and

Amended Filings were signed under oath and in further response states that the information contained therein was accurate to the best of the knowledge, information, and belief of the Defendant.

34.   In response to paragraph 34, Defendant denies the allegations contained therein for the reason they are untrue.

35.   In response to paragraph 35, Defendant denies the allegations contained therein for the reason they are untrue.

36.   In response to paragraph 36, Defendant denies the allegations contained therein for the reason they are untrue.

37.   In response to paragraph 37, Defendant denies the allegations contained therein for the reason they are untrue.

## False Oath re: Affirmative Representations

38.   In response to paragraph 38, Defendant denies the allegations contained therein for the reason they are untrue.

39.   In response to paragraph 39, Defendant denies the allegations contained therein for the reason they are untrue.

40.   In response to paragraph 40, Defendant admits the allegation as to the statement of his ownership of the furniture, furnishings, appliances, and household tools in the original Schedule B and Amended Schedule B.

41.   In response to paragraph 41, Defendant states that the personal expenses of the Defendant and his wife for which his income was being used to pay, was accurate as of the time of the filing of the bankruptcy case. A significant portion of the

personal expenses of the Defendant and his wife were being paid by his wife at the time of the filing of the bankruptcy case.

42.     In response to paragraph 42, Defendant denies the allegations contained therein for the reason they are untrue.

43.     In response to paragraph 43, Defendant denies the representation of value of his interest in Blue Diamond was a misrepresentation. Based upon the Defendant's best estimated value, the value of his membership interest is only nominal.

44.     In response to paragraph 44, Defendant denies the allegations contained therein for the reason they are untrue.

45.     In response to paragraph 45, Defendant denies the allegations contained therein for the reason they are untrue.

46.     In response to paragraph 46, Defendant states that his value of his interest in K & R Imhoff Enterprises, LLC as of the date of the filing of the bankruptcy case as of the date of the filing of the bankruptcy case was nominal and therefore the statement in the original Schedule B and Amended Schedule B is accurate based upon the Debtor's best knowledge, information, and belief.

47.     In response to paragraph 47, Defendant admits that the percentage of equity interest in K & R Imhoff Enterprises, LLC was re-allocated based upon an infusion of a $100,000 capital investment by the Defendant's wife. In further response, Defendant states that he may not have actually held any interest in K & R Imhoff Enterprises, LLC at that time in light of a prior general assignment executed in January, 2006 which transferred 100% of the membership interest in

14

K & R Imhoff Enterprises, LLC to the Ruth A. Imhoff Living Trust. See a copy of the assignment attached as **Exhibit D**. Defendant denies valuing his interest. In further response, Defendant states that the value of the assets of K & R Imhoff Enterprises, LLC as of April 28, 2011 were less than the debts of that entity and therefore there was no or nominal value of any interest the Defendant may have held in K & R Imhoff Enterprises, LLC on the date of the filing of the bankruptcy case.

48. In response to paragraph 48, Defendant denies that he made any transfers to K & R. Imhoff Enterprises, LLC. In further response, Defendant admits that the assets of K & R Imhoff Enterprises, LLC consist primarily of the office condominium and its bank accounts. In further response, Defendant states that the debts of K & R Imhoff Enterprises, LLC exceed the value of its assets.

49. In response to paragraph 49, Defendant denies the allegations contained therein for the reason they are untrue.

50. In response to paragraph 50, Defendant states that his value of his interest in the Ruth A. Imhoff Living Trust is a fair reflection of the value of that interest for the reason it is a contingent interest and would only have value in the event of the death of his wife.

51. In response to paragraph 51, Defendant denies the allegations contained therein for the reason they are untrue.

52. In response to paragraph 52, Defendant denies the allegations contained therein for the reason they are untrue.

53.     In response to paragraph 53, Defendant denies the allegations contained therein for the reason they are untrue.

54.     In response to paragraph 54, Defendant denies the allegations contained therein for the reason they are untrue.

55.     In response to paragraph 55, Defendant denies the allegations contained therein for the reason they are untrue.

56.     In response to paragraph 56, Defendant denies the allegations contained therein for the reason they are untrue.

WHEREFORE, Defendant prays the court:

(i)     Deny Plaintiff the relief requested;

(ii)    Grant a bankruptcy discharge of the Defendant; and

(iii)   Grant such other and further relief the Court deems just and proper.

DATED: 1/16/12                          By:/s/Richard A. Kerbawy
                                            Richard A. Kerbawy (P27700)
                                            2295 Sower Blvd.
                                            Okemos, MI 48864
                                            (517) 372-4204

16

# EXHIBIT A

## BLUE DIAMOND FINANCIAL SOLUTIONS

### NOMINEE AGREEMENT

Kevin J. Imhoff, as a partner of Blue Diamond Enterprises, LLC and doing business as Blue Diamond Financial Solutions agrees to the following:

Kevin J. Imhoff holds various licenses, including Series 6, 63 and 26, life, disability, health and variable annuity in multiple states and is appointed with various insurance and investments companies.

Every dollar of income/compensation/commissions generated by Kevin J. Imhoff through these licenses and any future financial services related licenses he may add, must be paid to Blue Diamond Financial Solutions.

A Blue Diamond Financial Solutions checking account will be maintained and will receive all compensation and/or commissions on no greater then a monthly basis and most commonly on a weekly or bi-weekly basis.

Because all compensation generated through the securities licenses must be paid directly to an individual, a separate bank account will be established as a "pass through" account. This account is not to be used in any other capacity except to receive securities commissions which will be transferred 100% to the Blue Diamond Financial Solutions checking account.

Kevin Imhoff will be paid any wages or personal income he receives directly from the Blue Diamond Financial Solutions checking account.

Agreed:

5/3 Account # 7166062658 designated as the "pass through" account.

_Kevin J. Imhoff_                12-31-08

Kevin J. Imhoff, Partner        Date

_Ruth A. Imhoff_                12-31-08

Ruth A. Imhoff, Partner         Date

This has been honored since the inception of Blue Diamond Financial Solutions on July 31, 2008.

# EXHIBIT B

| Form **4797** | | | | | | OMB No. 1545-0184 |
|---|---|---|---|---|---|---|
| Department of the Treasury Internal Revenue Service  (99) | **Sales of Business Property** (Also Involuntary Conversions and Recapture Amounts Under Sections 179 and 280F(b)(2)) ▶ Attach to your tax return.    ▶ See separate instructions. | | | | | **2009** Attachment Sequence No. **27** |

Name(s) shown on return

KEVIN J & RUT...

Identifying number

....-124...

**Part I** Sales or Exchanges of Property Used in a Trade or Business and Involuntary Conversions From Other Than Casualty or Theft—Most Property Held More Than 1 Year (see instructions)

1 Enter the gross proceeds from sales or exchanges reported to you for 2009 on Form(s) 1099-B or 1099-S (or substitute statement) that you are including on line 2, 10, or 20 .... | 1 | |

| 2 (a) Description of property | (b) Date acquired (mo., day, yr.) | (c) Date sold (mo., day, yr.) | (d) Gross sales price | (e) Depreciation allowed or allowable since acquisition | (f) Cost or other basis, plus improvements and expense of sale | (g) Gain or (loss) Subtract (f) from the sum of (d) and (e) |
|---|---|---|---|---|---|---|
| *FL COND... | 04/23/07 | 12/18/09 | 128853. | 41672. | 497040. | -326515. |
| *FL COND... | 01/10/07 | 02/23/09 | 437309. | 40909. | 604837. | -126619. |
| *FL COND... | 01/01/07 | 02/24/09 | 520003. | 39621. | 579981. | -20357. |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 3 | Gain, if any, from Form 4684, line 43 ...... | | | | | 3 | |
| 4 | Section 1231 gain from installment sales from Form 6252, line 26 or 37 ...... | | | | | 4 | |
| 5 | Section 1231 gain or (loss) from like-kind exchanges from Form 8824 ...... | | | | | 5 | |
| 6 | Gain, if any, from line 32, from other than casualty or theft ...... | | | | | 6 | 14607. |
| 7 | Combine lines 2 through 6. Enter the gain or (loss) here and on the appropriate line as follows: | | | | | 7 | -458804. |

Partnerships (except electing large partnerships) and S corporations. Report the gain or (loss) following the instructions for Form 1065, Schedule K, line 10, or Form 1120S, Schedule K, line 9. Skip lines 8, 9, 11, and 12 below.

Individuals, partners, S corporation shareholders, and all others. If line 7 is zero or a loss, enter the amount from line 7 on line 11 below and skip lines 8 and 9. If line 7 is a gain and you did not have any prior year section 1231 losses, or they were recaptured in an earlier year, enter the gain from line 7 as a long-term capital gain on the Schedule D filed with your return and skip lines 8, 9, 11, and 12 below.

| 8 | Nonrecaptured net section 1231 losses from prior years (see instructions)  **STATEMENT 19** | 8 | |
|---|---|---|---|
| 9 | Subtract line 8 from line 7. If zero or less, enter -0-. If line 9 is zero, enter the gain from line 7 on line 12 below. If line 9 is more than zero, enter the amount from line 8 on line 12 below and enter the gain from line 9 as a long-term capital gain on the Schedule D filed with your return (see instructions) | 9 | |

**Part II** Ordinary Gains and Losses (see instructions)

| 10 | Ordinary gains and losses not included on lines 11 through 16 (include property held 1 year or less): | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| | | | |
|---|---|---|---|
| 11 | Loss, if any, from line 7 ...... | 11 | -458804. |
| 12 | Gain, if any, from line 7 or amount from line 8, if applicable ...... | 12 | |
| 13 | Gain, if any, from line 31 ...... | 13 | |
| 14 | Net gain or (loss) from Form 4684, lines 35 and 42a ...... | 14 | |
| 15 | Ordinary gain from installment sales from Form 6252, line 25 or 36 ...... | 15 | |
| 16 | Ordinary gain or (loss) from like-kind exchanges from Form 8824 ...... | 16 | |
| 17 | Combine lines 10 through 16 ...... | 17 | -458804. |

18 For all except individual returns, enter the amount from line 17 on the appropriate line of your return and skip lines a and b below. For individual returns, complete lines a and b below:

a If the loss on line 11 includes a loss from Form 4684, line 39, column (b)(ii), enter that part of the loss here. Enter the part of the loss from income-producing property on Schedule A (Form 1040), line 28, and the part of the loss from property used as an employee on Schedule A (Form 1040), line 23. Identify as from "Form 4797, line 18a." See instructions ...... | 18a | |

b Redetermine the gain or (loss) on line 17 excluding the loss, if any, on line 18a. Enter here and on Form 1040, line 14 ...... | 18b | -458804. |

LHA   For Paperwork Reduction Act Notice, see separate instructions.

Form **4797** (2009)

918011 10-22-09

*ENTIRE DISP OF PAS ACT

# EXHIBIT C

# OPERATING AGREEMENT OF LIMITED LIABILITY COMPANY

## EXHIBIT A - Amendment
### Schedule of Members and Contributions to Capital

Name of LLC: K & R Imhoff Enterprises, LLC

Effective Date:        January 1, 2010

**CONFIDENTIAL**

Ruth Imhoff agrees to contribute $100,000 in capital contributions for an additional 25% ownership in K & R Imhoff Enterprises, LLC.

Kevin Imhoff agrees to assign 25% of his ownership of K & R Imhoff Enterprises, LLC to Ruth Imhoff for her capital contribution of $100,000.

New Percentage of Ownership:

| | | |
|---|---|---|
| Member: | Ruth Imhoff | 95% |
| Member: | Kevin Imhoff | 5% |

Signed:

_Ruth Imhoff_   1-22-10
Ruth Imhoff          Date
Managing Member

_Ruth Imhoff_   1-22-10
Ruth Imhoff          Date
Member

_Kevin Imhoff_   1/22/2010
Kevin Imhoff         Date
Managing Member

_Kevin Imhoff_   1/22/2010
Kevin Imhoff         Date
Member

012039

# EXHIBIT D

## General Assignment

We, Kevin J. Imhoff and Ruth A. Imhoff, assign to Kevin J. Imhoff and Ruth A. Imhoff, Co-Trustees, and their successors, as Co-Trustees of the Ruth A. Imhoff Living Trust under agreement, dated July 10, 2000, all of our interest in the following described assets:

1. Full (100%) interest into the Ruth A. Imhoff Living Trust all of our right, title and interest as a Member/Manager of the following State of Michigan Limited Liability Company:

   K & R Imhoff Enterprises, LLC

Signed in the presence of:

_Patricia A Andrews_                    _Kevin J. Imhoff_
                                        Kevin J. Imhoff
                                        Individually and as Co-Trustee of
                                        the Ruth A. Imhoff Living Trust

_____                 _Ruth A. Imhoff_
                                        Ruth A. Imhoff
                                        Individually and as Co-Trustee
                                        Of the Ruth A. Imhoff Living Trust

STATE OF MICHIGAN)

COUNTY OF EATON)

The foregoing General Assignment was acknowledged before me on

_1/27_____, 2006, by Kevin J. Imhoff and Ruth A. Imhoff

Notary Public, Eaton County (Acting in Eaton County)
My commission expires:

```
Patricia A. Andrews, Notary Public
State of Michigan, County of Eaton
My Commission Expires 2/5/2011
Acting in the County of EATON
```

_Patricia A Andrews_