UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

KEVIN J. IMHOFF,

       Debtor.

_____/

Case No. HL 11-04869

PFS INVESTMENTS, INC.,

       Plaintiff,

vs.

KEVIN J. IMHOFF,

       Defendant.

_____/

Adv. Pro. No. 11-80619

### AMENDED[1] BANKRUPTCY RULE 7026 / CIVIL RULE 26 ORDER

At a session of said Court of Bankruptcy, held in and for said district, on    MAR 2 6 2012   .

PRESENT:     HONORABLE JEFFREY R. HUGHES
                    United States Bankruptcy Judge

On December 13, 2011, Plaintiff(s) PFS Investments, Inc. commenced this adversary proceeding. Defendant(s) Kevin J. Imhoff has/have answered the same.

<u>Initial Discovery</u>. The parties may immediately engage in discovery and may continue with discovery for sixty (60) days from the date this order is served. No discovery beyond that which has been initiated within this sixty (60) day period will be permitted unless requested by a party in its written pretrial statement. (*See infra*). The purpose for this sixty (60) day discovery period is to give

---

[1] This order amends the original order entered on January 23, 2012 (DN 7). It is prompted by the hearings held on March 22, 2012 in the base case. The amendment extends the deadline for filing the pretrial statements in this adversary proceeding to **April 6, 2012**.

the parties the opportunity to conduct at least the initial discovery necessary for each party to sufficiently understand both the factual basis and the legal theories that each opposing party is relying upon in making its claims, denials, and/or defenses. The Court also expects each party to use this initial discovery period to gather the information necessary to engage in meaningful settlement discussions (*see infra* Settlement) and, if settlement cannot be reached, to be in a position to thoroughly and thoughtfully prepare a written pretrial statement that includes all of the points set forth in this order, including a narrative of the material facts and an identification of the legal issues. The Court generally is disposed to granting additional discovery provided the requesting party has been actively engaged in discovery during the initial sixty (60) day period and the requesting party establishes a sufficient need for such additional discovery.

Rule 26(f) Meeting. The parties shall meet in person or telephonically at least once on or before **February 13, 2012**, to, among other things:

(a) discuss the nature and basis of their claims and defenses;

(b) make or arrange for the disclosures required by FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(a)(1);

(c) discuss any issues about preserving discoverable information; and

(d) discuss ways for conducting discovery in an orderly and efficient manner. The parties are not required to submit a separate discovery plan. However, the parties may, at their option, incorporate agreements made concerning discovery and submit the same as part of their written pretrial statements.

While Plaintiff is expected to initiate discussion concerning the scheduling of the Rule 26(f) meeting, all are expected to work together in good faith to arrive at a mutually acceptable time for the same. All parties are also required to participate in the meeting in good faith. A party who does

not meet these responsibilities may be sanctioned; however, in no event will a sanction be imposed unless another party requests the same in its written pretrial statement.

Compliance with this section will satisfy whatever is required of the parties under FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(f).

Rule 26(a)(1) Disclosures. Each party shall make the various disclosures required by FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(a)(1) no later than **February 27, 2012.**

Rule 26(a)(2) Expert Witness Disclosures. Each party shall make the expert witness disclosures required by FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(a)(2) as part of their written pretrial statement.

Settlement. The parties are also required to discuss at the Rule 26(f) meeting the possibility of promptly settling the matter or otherwise resolving it. The court also expects the parties to engage in meaningful good faith settlement discussions thereafter if the matter remains unresolved. The parties may at any time jointly request a status conference with the Court if they believe that such a status conference would facilitate settlement.

If a settlement is reached, the parties shall file with the court a document signed by the parties indicating that the matter has been settled and that either a consent judgment is to be entered or the adversary proceeding is to be dismissed.

Written Pretrial Statement. Unless a settlement has been reached and the appropriate documents filed, each party shall file with the court a written pretrial statement. All written pretrial statements are due on **April 6, 2012**.

Failure to file a timely written pretrial statement will result in the Court not taking into consideration that party's position with respect to setting deadlines for further pretrial activities and

the trial itself. In addition, the Court, at its discretion, may compel the offending party to still file its narrative of the material facts and its good faith identification of the facts and law it believes will be at issue at trial. A party's failure to timely respond to this second directive from the Court may result in a sanction against that party (e.g., the dismissal of the adversary proceeding or a prohibition against further defending the matter).

The written pretrial statement shall include the following information:

1. a) A narrative by Plaintiff of the material facts and law that supports each cause of action and/or theory of relief alleged by Plaintiff; or

   b) a narrative by Defendant of the material facts and law that supports Defendant's opposition to each cause of action and/or theory of relief alleged by Plaintiff

2. Plaintiff's basis for jurisdiction (e.g., 28 U.S.C. § 1334) and whether Defendant disputes this Court's jurisdiction.

3. Whether the party believes the matter is a core proceeding and the statutory basis for that belief (e.g., 28 U.S.C. § 157(b)(2)(I)).

4. Whether the party believes that the matter is a non-core, related proceeding, the basis for that belief.

5. Whether the party consents or not to this Court entering a final judgment subject to appeal pursuant to 28 U.S.C. § 158 were it to be determined that this Court could not enter such a final judgment without that consent.

6. Whether the party has filed a jury demand.

7. Confirmation that the party has made the Rule 26(a)(1) disclosures as required by this order.

8. A description of the discovery that the party has conducted to date.

9. Whether additional discovery will be needed, together with the party's detailed description of the type of additional discovery that will be required (e.g., a second set of interrogatories to the other party concerning Section 547(c)(2) ordinary course issues and the deposition of Witness A concerning Section 547(c)(2) ordinary course

4

issues) and the party's estimate as to the amount of time that will be required to conduct the additional discovery.

10. What, if any, discovery plan has been agreed upon by the parties.

11. The need for any further amendment to the pleadings.

12. Whether the party anticipates filing a dispositive motion.

13. An identification of each legal issue or legal theory that the party believes in good faith will be contested at trial.

14. A description of the facts that the party believes in good faith will be contested with respect to each legal issue or theory identified.

15. The non-expert witnesses that the party expects in good faith to call at trial and the anticipated time it will take to present that testimony.

16. The expert witnesses the party may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705 and whether any of the experts identified have prepared written reports. FED.R.BANKR.P. 7026 and FED.R.CIV.P. 26(a)(2).

17. The expected length of the trial.

18. Confirmation that the Rule 7026(f) meeting required by this order took place and that there were good faith settlement discussions at that meeting.

19. The current status of settlement discussions and the party's plan for additional settlement discussions prior to trial.

20. Such other information as the party believes would be useful in connection with the scheduling and/or efficient administration of this adversary proceeding.

The Court encourages the parties to communicate with each other in connection with the preparation of their respective written pretrial statements. The Court will accept a joint written pretrial statement submitted by all of the parties in lieu of separate statements.

The Court will either issue a pretrial order based upon the pretrial statements that have been timely filed or schedule a pretrial conference.

Failure to comply with this Order may give rise to sanctions against the offending party.

                                                 _____  3/26/12
                                               Honorable Jeffrey R. Hughes
                                               United States Bankruptcy Judge

A copy of this order has been served by the court pursuant to its CM/ECF electronic notification procedures upon:

Patrick A. Mears, Esq.
Richard A. Kerbawy, Esq.