UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| In Re:<br><br>KEVIN J. IMHOFF,<br><br>Debtor. | Case No. 11-04869-jrh<br><br>Chapter 7<br><br>Hon. Jeffrey R. Hughes |
| PFS INVESTMENTS, INC., a Georgia Corporation,<br><br>Plaintiff,<br><br>v<br><br>KEVIN J. IMHOFF, an individual,<br><br>Defendant. | Adversary No. 11-80619-jrh |

## DEFENDANT KEVIN J. IMHOFF'S PRETRIAL STATEMENT

Pursuant to this Court's March 26, 2012 Bankruptcy Rule 7026/Civil Rule 26 Order, Defendant Kevin J. Imhoff submits the following Pretrial Statement:

1.
   a. <u>Defendant's Case Summary.</u> Plaintiff cites their objections to discharge based on 11 U.S.C. §727(a)(2) and 727(a)(4).

   b. In August of 2008 Kevin Imhoff resigned as a registered representative of Primerica Financial Services (PFSI). Upon his resignation he created the entity of Blue Diamond Enterprises LLC and has maintained its existence even to the date of this pretrial statement. On December 31, 2008, a

Nominee Agreement was entered into between he and his partner/wife Ruth A. Imhoff to provide for ownership of all licenses and income, compensation and commissions generated by Kevin Imhoff through any of those licenses or any "future financial services related licenses he may add". The action and intention from August of 2008 until the date of the filing of this bankruptcy was to have that entity be the entity through which all assets would be administered. Mr. Imhoff's tax returns, original statement of financial affairs and schedules and subsequent amendments to said schedules and statements of financial affairs reflected the existence of Blue Diamond Enterprises and Blue Diamond Financial Solutions as the entities through which assets and expenses would flow. The general position of the Defendant is that it is he, as a sole individual person, who is here before this Court seeking a discharge of any debts he may have. Further neither Blue Diamond Enterprises, LLC, Blue Diamond Financial Solutions, K & R Imhoff Enterprises, LLC, or Ruth A. Imhoff is seeking protection from the Bankruptcy Court. Further, the Defendant wishes this court to understand that in the process of complying with the Bankruptcy Rule 2004 Examinations and Depositions conducted by counsel for PFSI he and his wife completely disclosed of all bank accounts, savings accounts, checking accounts, trust accounts and any other related matters to all of the entities in question whether they are subject to the bankruptcy proceeding or not. Further, the Defendant's wife Ruth A. Imhoff created

what would best be described as a detailed road map of every account and number for all transactions which occurred from 2008 to the present. Included as supportive documents in that road map were over 100 checks copies and documentation which were turned over to counsel for PFSI during the conduct of the initial discovery in this matter. It was and has remained the intention of the debtor to provide all information to anyone regarding this matter.

c. The commission transfers as described in the pleadings are commissions earned from HBW Insurance and Financial Services and HBW Securities, LLC, collectively referred to as HBW. HBW is the most significant and powerful competitor to the Plaintiff PFS's enterprises. Any reference to commissions paid by HBW which were not included in the original statement of affairs were addressed that way for the simple reason that they were not considered commissions of the Defendant Kevin Imhoff and as per the Nominee Agreement from 2008, over two years preceding the bankruptcy, the handling of those commissions was done openly and completely without any effort to deceive or defraud any creditor. Referenced transfers made in contemplation of the bankruptcy to Michael Martindale who was more than just an individual and long time friend of Kevin Imhoff as he was a 1099 sub-contracted employee of Blue Diamond Enterprises since its inception and previously sub-contracted with Kevin J. Imhoff & Associates for over 15 years prior to Blue Diamond Enterprises

and payment of the lease that was done were transfers made by the LLC not the debtor Kevin Imhoff. Further, such payments reflected a legitimate obligation of the entity and reflected due and fair consideration for services and debt service on the lease for prior months leading up to the bankruptcy. It is the position of the debtor that these transfers done by Blue Diamond Enterprises is not a ground to deny the debtor the relief sought. The other remaining allegation is allegations of a false oath which the Defendant has nearly uniformly denied in his answer. As to the first alleged affirmative misrepresentation the Defendant denies the majority of the allegations made against him and does affirmatively state that the personal expenses of he and his wife for which his income was being used was accurately stated at the time of the filing and that he placed a great reliance upon his wife to sustain their expenses during and leading up to the filing of the bankruptcy.

d. As to the second alleged affirmative misrepresentation the Defendant maintains the accuracy of his original statements as to the valuation of his interest as it was nominal at best.

e. As to the third alleged affirmative misrepresentation Defendant maintained and still maintains that the value of any interest in K & R Imhoff Enterprises was and remains nominal and that all of his statements in his original Schedule B and Amended Schedule B remain accurate based on the debtor's best knowledge, information and belief. Further, debtor states

    that the ownership interest that he may have had in K & R Enterprises was uncertain when a January 2006 assignment was located in preparation for depositions sought by counsel for PFSI. Further, Defendant denies that any transfers of assets occurred within one year prior to the commencement of this action by him personally notwithstanding any transfers made by Blue Diamond Enterprises as referenced above.

  f. As to the fourth and final alleged affirmative misrepresentation Defendant denies any misrepresentation or false oath relative to the Ruth Imhoff Trust and Ms. Imhoff is alive and well and no interest in that trust exists as long as she remains alive and well.

2. <u>Jurisdiction.</u> The Defendant does not dispute this court's jurisdiction.

3. <u>Core Proceeding.</u> Defendant believes and does not question that this is a core proceeding before this court.

4. <u>Non Core Proceeding.</u> The Defendant believes that this matter is not a non core proceeding under the jurisdiction of this court.

5. <u>Final Judgment.</u> The Defendant consents to this court entering a final judgment subject to appeal pursuant to 28 U.S.C. §158.

6. <u>Jury Demand.</u> The Defendant has not filed a jury demand in this matter.

7. <u>Rule 26(a)(1) Disclosures.</u> The Defendant did make the Rule 26(a)(1) disclosures as required by the court on or about February 27, 2012.

8. <u>Discovery Already Conducted.</u> The Plaintiff PFSI has conducted several days of Bankruptcy Rule 2004 Examinations and depositions of the Defendant Kevin

       Imhoff and his wife Ruth Imhoff. Approximately 15,000 pages of documents have been exchanged by the Defendant's to the Plaintiff.

9. <u>Additional Discovery.</u> It is contemplated that additional discovery will need to take place in the form of Bankruptcy Rule 2004 Examinations and Depositions of less than five additional witnesses. It is contemplated that no more than 90 days would be needed to complete the additional discovery with leave of the court for a short extension as necessary.

10. <u>Discovery Plan.</u> The parties loosely discussed discovery in the context of the original adversary proceedings which included matters now stayed by this court. It was understood that each side would want to engage in additional discovery, however, because of the limited scope of the 727 proceedings a very limited amount of discovery would need to be carried out in this matter.

11. <u>Amendments to Pleadings.</u> Defendant would request an additional 15 days beyond the date of the filing of the Pretrial Statement for any amendments to pleadings even though none are currently anticipated.

12. <u>Dispositive Motions.</u> The Defendant wishes to reserve the right to file dispositive motions should they become necessary during the period of discovery.

13. <u>Legal Issues.</u>

    a. Whether filing amended schedules and/or statements of financial affairs is inherently a grounds for denial of discharge by this court?

    b. Whether the payment of commissions earned by a debtor when paid through a legitimately created LLC, reported on federal taxes and

        disclosed through tax returns is the hindering, delaying or defrauding of a creditor pursuant to the bankruptcy code?

    c.    Whether transfers to secure payment to a trusted long-time employee and payment of rent to allow the continuation of the operation of a business when done by an LLC which is not seeking bankruptcy protection is an intent to hinder, delay or defraud a creditor such that discharge should be denied by this court?

    d.    Whether the admitted failure of a debtor to remember an assignment of percentage of ownership even though tax returns reflect honestly what ownership rights are in question is a grounds for determining a knowing and fraudulent act in connection with a false oath justifying a denial of discharge of the Defendant's debts in bankruptcy?

    e.    Whether a debtor's truthful statements regarding assets, liabilities and valuations of surviving assets when questioned by an adversary is sufficient enough on its face to determine misrepresentations such that a court should deny discharge of the debts of the debtor in the bankruptcy?

14.    <u>Factual Issues.</u>  The debtor would ask the court to make reference to the narrative contained in 1b for a majority of the facts which would be asserted in good faith to contest the allegations made by the Plaintiff in this proceeding. The Defendant has provided significant testimony relative to his actions for several years leading up to the bankruptcy not just within the year prior to the filing of the bankruptcy and would rely on all of that evidence submitted as a basis to support his issues

and theories of his case.

15. <u>Non Expert Witnesses.</u> Defendant Kevin J. Imhoff expects to call the following witnesses at trial in this matter and anticipated time it will take to present testimony:

    a.     Perry Pastula, 5 hours;

    b.     Jamie Moore, 4 hours;

    c.     Michael Flintoff, 3 hours;

    d.     Michael Martindale, 1 hour;

    e.     Ruth Imhoff, 6 hours;

    f.     Kevin Imhoff, 8 hours;

16. <u>Expert Witnesses.</u> The Defendant Kevin J. Imhoff reserves the option of calling the following witnesses as expert witnesses in this trial:

    a.     Perry Pastula;

    b.     Michael Flintoff.

No written reports have been prepared at this time

17. <u>Length of Trial.</u> The Defendant believes the trial will take approximately three to four days assuming a full trial day.

18. <u>Rule 7026f Meeting.</u> The Defendant acknowledges that the Rule 7026(f) meeting did take place with counsel for the Plaintiffs.

19. <u>Status of Settlement Discussions.</u> There have not been any settlement discussions between the parties.

20. <u>Other Information.</u> The Defendant would request consideration by the court that

consolidation of any trial in this matter be made with the other existing adversary proceeding reflected in file number 11-80616 regarding Dr. and Mrs. Siminski's adversary proceeding against the Defendant. It appears logical that the testimony of all witnesses will go to the court's determination of essentially the same allegations made by the Plaintiffs in both of those matters against the debtor and conducting two trials does not lend itself to the efficient administration of justice.

Respectfully submitted,

WILSON, LETT & KERBAWY, PLC

DATED: 4/4/12

By:/s/Richard A. Kerbawy
Richard A. Kerbawy (P27700)
Attorney for Kevin J. Imhoff, Debtor
2295 Sower Blvd.
Okemos, MI 48864
(517) 372-4204